APPEAL OF THE NEW OTTAWA COUNTY TELEPHONE CO.

Docket No. 5558.   Submitted January 1, 1926.   Decided February 15, 1926.

> An amount representing appreciation in the value of fixed assets, and an amount representing a reserve for depreciation set up out of "earned surplus," may not be included in invested capital of a corporation for the year 1919.

*Alfred L. Geiger, Esq.*, for the taxpayer.
*Thomas P. Dudley, Jr., Esq.*, for the Commissioner.

Before SMITH, LITTLETON, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits tax for the year 1919 in the amount of $410.57. The deficiency was occasioned by the exclusion from invested capital shown on the return of an amount representing an appreciation in the book value of assets, and an additional amount representing a restoration by the taxpayer to surplus of a reserve for depreciation set up out of earned surplus in the years 1908 and 1916.

#### FINDINGS OF FACT.

The taxpayer is a public utility in the State of Ohio, with its office at Elmore. It was organized in 1902.

In 1915, at the instance of the Public Utilities Commission of the State of Ohio, it made an inventory of all of its assets, based upon the reproduction cost of its plant and equipment, and determined that the book values thereof were less than market values to the extent of $28,499.50. It therefore increased the book values of its assets by that amount and made a debit to "inventory surplus" of a like amount.

From 1902 to 1908 the taxpayer made no provision for depreciation in the keeping of its books of account. In 1908 the board of directors authorized the setting up of a reserve for depreciation in the amount of $25,000. Surplus was credited with a like amount. From 1908 to 1916 depreciation was not regularly charged, and in 1916 the taxpayer added to its reserve for depreciation an additional amount of $18,000. Surplus was reduced by a like amount.

In its income-tax return for 1919 the taxpayer included in invested capital $28,499.50, representing "inventory surplus," and also $43,000, representing the portion of its reserve for depreciation which had been charged against surplus in the years 1908 and 1916.

The Commissioner has excluded from the invested capital shown upon the return the two amounts in question.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

SMITH: The taxpayer claims the right to include in invested capital an amount representing appreciation in the value of its assets, the amount being the difference between the book value of the assets and the value placed upon them as the result of an inventory made by the taxpayer's employees. The inventory was taken at the instance of the Public Utilities Commission of the State of Ohio, the basis of which was "reproduction cost in 1915."

At the hearing it was intimated that the books of account did not accurately reflect the cost of the assets owned by the taxpayer at the date of the inventory. However, this was not proven. So far as the record shows the entire amount of the increase in the inventory over the book value of the assets represented by "inventory surplus" was appreciation in the value of those assets. It is significant to note in this connection that the taxpayer, in keeping its books of account, did not carry this amount as a part of its general surplus, which it might properly have done had there been an error in the keeping of its books. It carried the increase simply as "inventory surplus." It is a well-established principle of the income tax laws that appreciation in the value of assets may not be included in invested capital. *La Belle Iron Works* v. *United States*, 256 U. S. 377.

The argument with respect to the inclusion in invested capital of an amount set up as a reserve for depreciation is that depreciation is a charge against only the earnings of the current year, and that where a corporation has failed to charge depreciation against the

current earnings the amount carried to surplus acquires the character of "earned surplus," and that thereafter it may not be reduced by a charge for depreciation covering a series of years or by an operating deficit for any year; furthermore, that although the earned surplus of a mercantile concern might properly be reduced by an operating deficit, the surplus of a public utility, which derives its income from services rendered to the public under rates established by governmental authority, occupies a different status and may not be thus reduced.

We think such an argument is unsound. The surplus of a corporation is the equity of the stockholders in the assets of the corporation over and above the par value of the capital stock, and an " earned surplus " is simply that portion of the surplus which comes in through earnings. " Earned surplus " is not necessarily what a taxpayer's books of account show as such, for the books of account may be in error. If a corporation which suffers depreciation does not charge it off against operating profits its book earned surplus is not its true earned surplus. *Appeal of City National Bank,* 2 B. T. A. 623; *Appeal of Alexandria Paper Co.,* 3 B. T. A. 239. In the instant case the taxpayer came to the conclusion in 1908 that its true earned surplus was overstated in the amount of $25,000; hence the reduction of the book surplus by that amount. In 1916 there was a similar reduction of the book surplus in order to bring its books of account into accord with actual facts. From the record we can not find that the true earned surplus of the corporation was in excess of that shown by the books of account.